## Van Blunk's Estate.

*Wills—Construction—Technical words—Sole and separate use.*

A gift of real estate to a married woman for her sole and separate use creates a separate-use trust, although no trustee be appointed by the testator, and in a subsequent clause in the same item of the will he gives her absolutely a sum of money equal to the price of the property if sold by him in his lifetime, if in another item he gives her a life estate in other real estate in appropriate terms without such condition, thus showing his understanding of technical words, no sale having been made by him in his lifetime.

Exceptions to adjudication. O. C. Phila. Co., Jan. T., 1919, No. 437.

The clause of the will in question is quoted in the opinion of the court *in banc.* The auditing judge (Gest, J.) said:

"Catharine or Kathryn E. Welbank is living, and is the wife of Charles T. Welbank, who is also living.

"By a decree of this court, entered Nov. 28, 1921, Joseph P. Bartilucci was appointed trustee for Catharine Welbank of premises No. 1623 South Broad Street, and was authorized to sell the same to Peter D'Ambrosio for $12,500, in accordance with the provisions of the Revised Price Act, which decree was duly complied with, and this account is filed of the proceeds of sale.

"Mr. Patterson, in behalf of Mrs. Welbank, asked that the fund should be awarded to her. The devise contained in the will of the testator is to Catharine Welbank, wife of Charles Welbank, her heirs and assigns forever, for her sole and separate use, free and discharged from any and all control of her said husband and of any curtesy or other interest therein on the part of her said husband, which are apt words for the creation of a married woman's sole and separate use. Mr. Patterson called attention to the further provision of the third paragraph, in which the testator, in case he should sell this real estate in his lifetime, bequeathed to Mrs. Welbank absolutely a sum equal to the price received, and certain other provisions in the will for her benefit which are absolute in their nature. It was argued that from the whole tenor of the will the testator did not intend to subject this devise to a trust by the mere employment of the technical words 'sole and separate use.' In support of this contention, certain decisions were cited, among them MacConnell *v.* Wright, 150 Pa. 275, and Ringe *v.* Kellner, 99 Pa. 460. In the latter case the language of the will was entirely different from that used in the present case, while in the former the words 'sole and separate use' were not employed, and emphasis was laid upon the power of sale conferred by the will. In the later case of Hays *v.* Leonard, 155 Pa. 474, MacConnell *v.* Wright was explained, and the prior decision under the same will of MacConnell *v.* Lindsay, 131 Pa. 476, was reaffirmed. The later cases of Wilbert's Estate, 166 Pa. 113; Lewis *v.* Bryce, 187 Pa. 362; Gilbert's Estate, 19 Dist. R. 460, 230 Pa. 502; Anton *v.* Secrist, 54 Pa. Superior Ct. 337, and our own case of Bringhurst's Estate, 25 Dist. R. 662, 257 Pa. 515, remove any possible doubt. It need only be added that the bequest to Mrs. Welbank of the proceeds of sale, if such sale were made by the testator himself, has manifestly no effect upon the specific devise of the property where no such sale has been made, and the absence of an appointment of a trustee for Mrs. Welbank is immaterial, for it is the duty of the court to protect her separate use by appointing a trustee, as was done in this case: Varner's Appeal, 80 Pa. 140.

"Clearly the trust continues during the coverture of Mrs. Welbank, and the fund must be retained by the accountant as her trustee."

*T. Cuyler Patterson,* for exceptions.

Van Blunk's Estate.

PER CURIAM, April 19, 1922.—"It is a settled rule of construction that a technical meaning shall be given to a technical word in a will, unless there be clear evidence of a contrary intention:" *Hawkins on Wills*, Prop. III, Introduction; France's Estate, 75 Pa. 220. ". . . technical words shall be taken to have been used according to their proper technical sense, unless the other parts of the will imperatively require a different one:" Mr. Justice Sharswood, in Doebler's Appeal, 64 Pa. 9 (at page 15).

The exceptions are filed to the auditing judge's ruling in interpreting the following clause of the will:

"I give and devise unto my niece, Catharine Welbank, wife of Charles Welbank, her heirs and assigns forever, for her sole and separate use, free and discharged from any and all control of her said husband, and of any curtesy or other interest therein on the part of her said husband, my house and lot of ground No. 1623 South Broad Street, Philadelphia, together with any fire insurance policies on the said house that I may hold at the time of my death. In event of my selling or disposing of my said house in my lifetime, then in lieu thereof I give and bequeath unto my said niece, absolutely, a sum equal to the price or sum for which I shall have sold or disposed of it."

The auditing judge held that a separate-use trust was created, and that the latter language of an alternative gift of money in event of sale of the real estate by testator in his lifetime was insufficient and ineffective to modify or change testator's expressed intent. No sale was made by testator, and so the legacy of a sum equal to the selling price was inoperative. In this we all concur.

Evidencing the fact that testator understood the force and effect of the technical expressions so used by him in the third item, we find him, in appropriate terms, giving the same devisee a life estate in other real estate without such condition. This, in itself, is persuasive and, in our judgment, controlling.

All exceptions are dismissed and the adjudication is confirmed absolutely.